Kevin G. Little, SBN 149818
**LAW OFFICE OF KEVIN G. LITTLE**
Post Office Box 8656
Fresno, California 93747
Telephone: (559) 342-5800
Facsimile:  (559) 242-2400
Email:  kevin@kevinlittle.com

Attorney for Plaintiff Luis F. Rodriguez

# IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

| | |
|---|---|
| LUIS F. RODRIGUEZ,<br><br>Plaintiff,<br><br>v.<br><br>FRESNO POLICE OFFICER REY MEDELES; FRESNO POLICE OFFICER GUSTAVO GUTIERREZ; UNKNOWN LOCAL AND FEDERAL LAW ENFORCEMENT OFFICERS; THE CITY OF FRESNO,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT FOR DAMAGES**<br><br>**42 U.S.C. § 1983**<br>- **Excessive and Retaliatory Force**<br>- **Unconstitutional and Retaliatory Detention and Arrest**<br>- **Unconstitutional and Retaliatory Malicious Prosecution**<br>- **Deprivation of Property Rights**<br>- **Municipal Liability**<br>**Bivens Action, 28 U.S.C. § 2679(b)(2)(A)**<br><br>JURY TRIAL DEMANDED |

TO THE HONORABLE COURT:

Plaintiff Luis F. Rodriguez, through his undersigned counsel, hereby makes the following allegations against the defendants, and each of them.

**JURISDICTION AND VENUE**

1. This Court has original jurisdiction over the proceeding pursuant to 28 U.S.C. §§ 1331 and 1343, as this action is one for damages arising under the United States Constitution and other

COMPLAINT FOR DAMAGES

federal laws and doctrines providing remedies for deprivations of the rights and privileges of citizens of the United States.

2. This Court has venue in this action pursuant to 28 U.S.C. § 1391(b), as the actions giving rise to this action all occurred within this judicial district.

## PARTIES

3. Plaintiff Luis F. Rodriguez ("Rodriguez") is a citizen and resident of the State of California, County of Fresno. At the time of the incidents giving rise to this action, Rodriguez had a bicycle sales and repair business in the Tower District of Fresno, located at 927 N. Fulton Street.

4. Defendant Fresno Police Officer Rey Medeles ("Officer Medeles") is, upon information and belief, a citizen and resident of the State of California, County of Fresno. With respect to all of the acts complained of herein, Officer Medeles was on duty on October 15, 2021 and acting as an officer and employee of the Fresno Police Department. At all material times herein, Officer Medeles acted individually and within the course and scope of his employment with the Fresno Police Department. Officer Medeles is sued in his legal capacity for acts he performed under the color of law. As alleged herein, plaintiff believes in good faith that Officer Medeles is legally responsible and liable for the injuries and damages alleged herein.

5. Defendant Fresno Police Officer Gustavo Gutierrez ("Officer Gutierrez") is, upon information and belief, a citizen and resident of the State of California, County of Fresno. With respect to all of the acts complained of herein, Officer Gutierrez was on duty on October 15, 2021 and acting as an officer and employee of the Fresno Police Department. At all material times herein, Officer Gutierrez acted individually and within the court and scope of his employment with the Fresno Police Department. Officer Gutierrez is sued in his individual capacity for acts he performed under the color of law. As alleged herein, plaintiff believes in good faith that Officer Gutierrez is legally responsible and liable for the injuries and damages alleged herein.

6. The fictitious defendants are sued as Unknown Local and Federal Law Enforcement Officers and they are, upon information and belief, citizens and residents of the State of California, County of Fresno. With respect to all of the acts complained of herein, these fictitious defendants were on duty on October 15, 2021 and were acting as officers and employees of the Fresno Police

Department, or a cooperating state or federal law enforcement agency. At all material times herein, these fictitious defendants acted individually and within the court and scope of their law enforcement employment. These fictitious defendants are sued in their individual capacities for acts they performed under the color of law. As alleged herein, plaintiff believes in good faith that these fictitious defendants are legally responsible and liable for the injuries and damages alleged herein. These fictitious defendants will be renamed in their actual names once they become known.

7. Defendant the City of Fresno is a public entity under California law. Fresno is the fifth largest city in California and is the hub on the Central California region. The City of Fresno is primarily responsible for funding and supervising the City of Fresno Police Department, which has primary law enforcement jurisdiction within the City. The City of Fresno is sued herein based on *Monell v. Department of Social Services*, 436 U.S. 658 (1978), and its progeny, based on customs, policies and practices that were the moving forced behind the individual defendants' constitutional violations. In addition to the customs, policies and practices identified herein, plaintiff reserves the right to allege additional bases of municipal civil rights liability based on information not yet discovered.

**FACTUAL ALLEGATIONS**

8. On October 15, 2021 at approximately 12:50 p.m., Rodriguez was working at his business, located at 927 N. Fulton Street in the City of Fresno. Rodriguez was assisting one of his customers and was engaged in the lawful exercise of his chosen trade. Rodriguez works in a building that houses several distinct businesses, which are wholly unrelated, have separate locked compartments, and are owned by separate people, all of whom rent space for their business activities.

9. Unexpectedly, multiple law enforcement officers, apparently led by defendant Officers Medeles and Gutierrez but including multiple unknown local and federal officers from the Bureau of Alcohol, Tobacco and Firearms, demanded entry into Rodriguez's place of business. These officers demanded entry, and Rodriguez, after repeatedly requesting to see a warrant, did not consent to their entry when he confirmed there was no warrant. Rodriguez also refused to answer any of the officers' questions, as is his right as a citizen at liberty. Rodriguez also challenged the

officers' authority to enter the premises, since they admittedly had no warrant, and there was no other apparently lawful basis for them to disregard the Fourth Amendment.

10. After Rodriguez refused to allow the officers to enter the premises, refused to answer their questions, and questioned their authority, he was the subject of retaliation in numerous ways. First, after entering without basis or consent, the officers detained Rodriguez without any reasonable suspicion that he was engaged in any illegal activity.  Rodriguez was grabbed by the officers upon their unlawful entry, slammed to the ground, struck, and stepped on.  Then, after the officers illegally search the premises, including portions not under Rodriguez's possession or control, they arrested him for allegedly being in possession of firearms allegedly found in other parts of the building occupied by other businesses and also for child endangerment, although Rodriguez never had a child present on the premises, much less one who was being endangered. The officers also seized Rodriguez's cash on hand, approximately $2,300 and the tools of his trade, even though they were in no way contraband or related to the supposed focus of their investigation, i.e., illegal marijuana activity.

11. Rodriguez was arrested without any factual basis.  Officers Medeles and Gutierrez made false representations regarding Rodriguez's involvement, indicating that he was in possession of controlled substances and firearms when in fact he was not, and that he was somehow endangering a child when no child was ever present on the premises.  These false representations were used to obtain a warrant to arrest Rodriguez, and they were also used by the Fresno County District Attorney to charge Rodriguez with crimes.

12. Rodriguez spent numerous days in custody because Officers Medeles and Gutierrez took retaliatory actions that resulted in his being booked on approximately 67 charges, thereby making it impossible for him to bail out of jail.  Rodriguez is informed and believes that Officer Medeles and Gutierrez conjured so many charges on which to book Rodriguez because it would have made it impossible for him to be released and thereby incentivized him to take a deal to regain his freedom. While Rodriguez was in jail, he was attacked and seriously injured by inmates during a riot.

13. When Rodriguez was taken to court on October 20, 2021, he was charged with multiple firearm felonies and one child cruelty/endangerment felony charge. All of these charges were based on the allegations fabricated by Officer Medeles and Officer Gutierrez. As a result of the multiple falsehoods in the reports and warrant applications, it was impossible for either a judge or a prosecutor to exercise any independent discretion.

14. After Rodriguez was released from jail on October 25, 2021 but was still pending prosecution, he was the subject of additional unlawful and retaliatory law enforcement action. Specifically, in November 2021 and January 2022, a combination of Fresno Police Officers and federal agents from the federal Bureau of Alcohol, Tobacco and Firearms raided Rodriguez's place of business, again without warrants or other legal basis. These raids resulted not only in the harassment and terrorization of Rodriguez, but in the further unlawful destruction and removal of his business property. Even after these raids, Rodriguez continued to be the subject of unwarranted law enforcement contact and surveillance, which has resulted in his being further intimidated, and distressed.

15. The criminal case against Rodriguez persisted until November 2, 2022, when all charges were dismissed for lack of evidence. This constitutes a termination in Rodriguez's favor.

16. As a result of being wrongfully detained, falsely arrested and maliciously charged in October 2021, Rodriguez sustained considerable damages. Rodriguez was deprived of his freedom for more than a year, since he was released on October 25, 2021 only on the condition that he agree to restrictive pretrial supervised release with an ankle monitor. Rodriguez had to endure the stress and humiliation of being criminally prosecuted for more than a year. Rodriguez also had to spend a considerable amount of money hiring an attorney and paying for the aforementioned ankle monitor in order to remain out of jail. Rodriguez also was deprived of his money and business property without any basis. Further, Rodriguez had his business raided and surveilled multiple times while he was still pending prosecution, and even after charges were dismissed.

17. Rodriguez is informed and believes that all of these actions were taken only because he exercised his free speech rights to challenge the officers' authority by not allowing them to enter

his property without a warrant, not acceding to their requests for information, and criticize them for attempting to enter his business building without a warrant.

18. As a result of the foregoing events, Rodriguez had to deal with the stress and uncertainty of pending criminal charges for thirteen months.  Rodriguez was subject to police brutality and was injured in custody as a result of their misconduct in arresting him and causing him to be criminally charged. Rodriguez also incurred unnecessary expenses in relation with defending his case. Rodriguez was also deprived of his cash on hand and the tools of his trade, which were never documented or returned.  Rodriguez was also subject to intimidation by multiple raids and instances of harassment and surveillance.  Rodriguez still feels outraged about having his rights as a citizen entitled to refuse, question, and criticize law enforcement resulted in his being subject to this pattern of blatant misconduct.

**CAUSES OF ACTION**

**FIRST CAUSE OF ACTION**

Violation of 42 U.S.C. § 1983 - Excessive and Retaliatory Force

(Against Defendants Officer Medeles and Gutierrez and All Local Unknown Officers)

19. Rodriguez re-alleges and incorporates by reference the preceding paragraphs of this Complaint

20. The defendant officers' intentional and reckless acts, as described above, constitute a deprivation of Rodriguez's rights, privileges, and immunities under the United States Constitution, specifically, his rights under the First and Fourth Amendment to be free from retaliatory, unreasonable, and excessive force.  Because the above-recited facts make it clear that no force was justified or necessary against Rodriguez, the considerable level of force used against him was unreasonable in that it failed to accomplish any legitimate law enforcement objective, and it also followed Rodriguez's assertion of his rights to refuse, question and criticize government authority. A reasonable person in Rodriguez's situation would be chilled in the exercise of his free speech based upon the defendant officers' violent, injurious reaction.

21. As a direct and proximate result of the defendant officers' violation of his constitutional rights, Rodriguez has suffered substantial damages, as described hereinabove.

22. The defendant officers' conduct as set forth above was intentional, wanton, malicious, oppressive, and undertaken with reckless disregard for Rodriguez's rights, thus entitling him to an award of punitive damages.

**SECOND CAUSE OF ACTION**

Violation of 42 U.S.C. § 1983 - Unconstitutional and Retaliatory Detention and Arrest

(Against Defendants Officer Medeles and Gutierrez and All Local Unknown Officers)

23. Rodriguez re-alleges and incorporates by reference the preceding paragraphs of this Complaint.

24. The defendant officers' intentional and reckless acts, as described above, constitute a deprivation of Rodriguez's rights, privileges, and immunities under the United States Constitution, specifically, his rights under the First and Fourth Amendment to be free from retaliatory, and false detentions/arrests unsupported by reasonable suspicion/probable cause.  Because the above-recited facts make it clear that there was no reasonable suspicion or probable cause to detain or arrest Rodriguez, and it also followed Rodriguez's assertion of his rights to refuse, question, and criticize government authority.  A reasonable person in Rodriguez's situation would be chilled in the exercise of his free speech based upon the defendant officers' retaliatory and unlawful detention and arrest, which respectively lacked reasonable suspicion or probable cause.

25. As a direct and proximate result of the defendant officers' violation of his constitutional rights, Rodriguez has suffered substantial damages, as described hereinabove.

26. The defendant officers' conduct as set forth above was intentional, wanton, malicious, oppressive, and undertaken with reckless disregard for Rodriguez's rights, thus entitling him to an award of punitive damages.

**THIRD CAUSE OF ACTION**

Violation of 42 U.S.C. § 1983 - Malicious and Retaliatory Prosecution

(Against Defendants Officer Medeles and Gutierrez and All Local Unknown Officers)

27. Rodriguez re-alleges and incorporates by reference the preceding paragraphs of this Complaint.

28. As a result of the defendant officers' reports, which concealed exculpatory facts and which was a continuation of his pattern of retaliation against Rodriguez, he was charged with multiple firearm felonies and one child cruelty/endangerment felony charge. The criminal proceedings against Rodriguez was unsupported by probable cause, for all the reasons set forth above. An accurate rendition of the facts, including the concealed exculpatory ones, would have revealed that there was absolutely no probable cause for any criminal charges against Rodriguez.

29. At all relevant times, the defendant officers knew Rodriguez was within his legal rights at the time he was unlawfully detained and arrested on October 15, 2021. At all relevant times, the defendant officers also knew that Rodriguez was not in violation of any local, state, or federal law when she was arrested and prosecuted in Case No. F21908166.

30. The criminal case against Rodriguez terminated in his favor on November 2, 2022, when the Fresno County District Attorney dismissed the case against him due to insufficient evidence.

31. The defendant officers' intentional and reckless acts, as described above, constitute a deprivation of Rodriguez's rights, privileges, and immunities under the United States Constitution, specifically, his rights under the First and Fourth Amendment to be free from retaliatory, unconstitutional, and malicious prosecutions unsupported by probable cause. Because the above-recited facts make it clear that there was never a good faith basis to recommend criminal charges be filed against Rodriguez, the charges filed were unconstitutional, and they also followed Rodriguez's assertion of his rights to refuse, question and criticize government authority. A reasonable person in Rodriguez's situation would be chilled in the exercise of his free speech based upon the defendant officers' reports and/or recommending that criminal charges be filed against him.

32. As a direct and proximate result of the defendant officers' violation of his constitutional rights, Rodriguez has suffered substantial damages, as described hereinabove.

33. The defendant officers' conduct as set forth above was intentional, wanton, malicious, oppressive, and undertaken with reckless disregard for Rodriguez's rights, thus entitling him to an award of punitive damages.

## FOURTH CAUSE OF ACTION

Violation of 42 U.S.C. § 1983 – Retaliatory and Unlawful Deprivation of Property Rights

(Against Defendants Officer Medeles and Gutierrez and All Local Unknown Officers)

34. Rodriguez re-alleges and incorporates by reference the preceding paragraphs of this Complaint.

35. As a result of the defendant officers' unlawful seizure and theft of Rodriguez's $2,300 cash on hand and tool of his trade in October 2021, as well as the additional theft and destruction of his property during subsequent raids, he was denied his right to be secure in his home or business against unreasonable searches and seizures as guaranteed under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.  Rodriguez also was deprived of his personal property without due process of law, as guaranteed under the Fifth and Fourteenth Amendments to the United States Constitution. In this regard,  Rodriguez was provided with no means of redress or procedure whereby he could dispute said deprivation, especially since the defendant officers have denied even taking Rodriguez's cash and property.

36. The defendant officers' intentional and reckless acts, as described above, also constitute a deprivation of Rodriguez's rights, privileges, and immunities under the United States Constitution, specifically, his rights under the First and Fourth Amendment to be free from retaliatory, and unlawful property seizures.  Because the above-recited facts make it clear that there was never a good faith basis to seize any property belonging to Rodriguez, the defendant officers' seizures were unconstitutional, and they also followed Rodriguez's assertion of his rights to refuse, question and criticize government authority.  A reasonable person in Rodriguez's situation would be chilled in the exercise of his free speech based upon the defendant officers' reports and/or recommending that criminal charges be filed against him.

37. As a direct and proximate result of the defendant officers' violation of his constitutional rights, Rodriguez has suffered substantial damages, as described hereinabove.

38. As a result of the unlawful seizure and theft of their property, Rodriguez has been damaged in an amount of over $10,000.

39. The defendant officers' conduct as set forth above was intentional, wanton, malicious, oppressive, and undertaken with reckless disregard for Rodriguez's rights, thus entitling him to an award of punitive damages.

**FIFTH CAUSE OF ACTION**

Municipal Liability-Unconstitutional Custom, Practice, or Policy (42 U.S.C. § 1983)

(Against the City of Fresno)

40. Rodriguez re-alleges and incorporate by reference the preceding paragraphs of this Complaint.

41. Defendants Officer Medeles, Officer Gutierrez, and Unknown Law Enforcement Officers deprived Rodriguez of his rights under the United States Constitution as alleged above.

42. The unconstitutional actions and/or omissions of Defendants Officer Medeles, Officer Gutierrez, and Unknown Law Enforcement Officers were pursuant to the following customs, practices, and/or policies which were directed, encouraged, allowed, and/or ratified by policy making officials for the City of Fresno:

   a. Using or tolerating dishonesty, false report writing, illegal searches and seizures, retaliatory arrests and harassment, the unlawful taking of property, and the use of excessive force;

   b. Covering up or justifying violations of constitutional rights, including by failing to investigate complaints or incidents of misconduct; and failing to discipline unconstitutional or unlawful or policy non-complaint police activity; and

   c. Encouraging, accommodating, or facilitating a "code of silence," under which officers do not report each other's errors, misconduct, or crimes;

   d. Using or tolerating inadequate, deficient, and improper procedures for handling, investigating, and reviewing complaints of officer misconduct;

   e. Failing to have and enforce necessary and appropriate and lawful policies, procedures, and training programs to prevent or correct the unconstitutional conduct, customs, and procedures described in this Complaint, with deliberate indifference to the rights and safety of Rodriguez and the public and in the face of an obvious need for such policies, procedures, and training programs to prevent recurring and foreseeable violations of rights of the type described

herein; and

    f. Failing to train and discipline officers to prevent and discourage dishonesty, false report writing, illegal searches and seizures, retaliatory arrests and harassment, the unlawful taking of property, and the use of excessive force.

43. Defendants City of Fresno policy makers and managers, including former Chief of Police Dyer, and current Chief Balderrama knew of the deficient customs, practices, and/or policies alleged above. Despite having that knowledge, these defendants condoned, tolerated and through actions and inactions thereby ratified such policies. Defendants thus acted with deliberate indifference to the foreseeable effects and consequences of their policies, practices, and customs with respect to the constitutional rights of Robert and others similarly situated.

44. Plaintiffs allege on information and belief that despite the development of evidence substantiating significant misconduct, including the identification of multiple officers who witnessed wrongful conduct by their colleagues and failed to intervene or report it, virtually no disciplinary action was taken against any of the offending officers, and their opportunities for continued employment, and even promotions were not affected. As a result, the Fresno Police Department developed *de facto* and well understood policies and practices of dishonesty, false report writing, illegal searches and seizures, retaliatory arrests and harassment, the unlawful taking of property, and the use of excessive force could be used with impunity and without concern that any disciplinary action or other employment consequences would follow. The misconduct of Officer Medeles, Officer Gutierrez and Unknown Law Enforcement Officers were the logical and inevitable result of such practices.

45. Defendants City of Fresno, through policy makers and managers were responsible for creating, approving, and enforcing the unconstitutional policies, customs and/or practices described herein above. The aforementioned entities and individuals acted with deliberate indifference to the foreseeable effects and consequences of the policies, customs, and/or practices with respect to the constitutional rights of Rodriguez and other individuals similarly situated. Accordingly, the City of Fresno is responsible for customs, policies, and/or practices that were the moving force behind the constitutional violations or Rodriguez's clearly established and well-settled rights in violation of 42

U.S.C. § 1983 as alleged above.

46. As a direct and proximate result of the defendant officers' violation of his constitutional rights, Rodriguez has suffered substantial damages, as described hereinabove.

### SIXTH CAUSE OF ACTION

*Bivens* Action, 28 U.S.C. § 2679(b)(2)(A)

(Against All Federal Unknown Officers)

47. Rodriguez re-alleges and incorporates by reference the preceding paragraphs of this Complaint

48. The federal defendant officers' intentional and reckless acts, as described above, constitute a deprivation of Rodriguez's rights, privileges, and immunities under the United States Constitution, specifically (a) his rights under the First and Fourth Amendment to be free from retaliatory, unreasonable, and excessive force, (b) his rights under the First and Fourth Amendment to be free from retaliatory, and false detentions/arrests unsupported by reasonable suspicion/probable cause, (c) his rights under the First and Fourth Amendment to be free from retaliatory, unconstitutional, and malicious prosecutions unsupported by probable cause, and (d) his right to be secure in his home or business against unreasonable searches and seizures as guaranteed under the Fourth Amendment to the United States Constitution.

49. The above-alleged misconduct also followed Rodriguez's assertion of his rights to refuse, question and criticize government authority.  A reasonable person in Rodriguez's situation would be chilled in the exercise of his free speech based upon the federal defendant officers' violation of his constitutional rights.

50. As a direct and proximate result of the federal defendant officers' violation of his constitutional rights, Rodriguez has suffered substantial damages, as described hereinabove.

51. The federal defendant officers' conduct as set forth above was intentional, wanton, malicious, oppressive, and undertaken with reckless disregard for Rodriguez's rights, thus entitling him to an award of punitive damages.

///

///

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for the following relief:

1. For general and special damages against each defendant in an amount proven at trial, as to all causes of action;

2. For punitive damages against each defendant, in an amount appropriate to punish and to deter others from engaging in similar misconduct;

3. For prejudgment interest as to all causes of action;

5. For costs and attorney's fees as authorized by 42 U.S.C. § 1988 and other applicable law;

6. For other such relief as the Court may deem proper.

**DEMAND FOR TRIAL BY JURY**

Plaintiff hereby demands a trial by jury as to all his claims for relief.

Date: October 14, 2023

                                              */s/ Kevin G. Little*
                                              Kevin G. Little
                                              Attorney for Plaintiff
                                              LUIS F. RODRIGUEZ

COMPLAINT FOR DAMAGES