# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS RODRIGUEZ, | Case No. 1:23-cv-01471-JLT-SKO |
| Plaintiff, | **ORDER DENYING WITHOUT PREJUDICE STIPULATION FOR ENTRY OF PROTECTIVE ORDER RE: CONFIDENTIAL DOCUMENTS** |
| v. | |
| FRESNO POLICE OFFICER REY MEDELES, et al., | (Doc. 27) |
| Defendants. | |

## I.   INTRODUCTION

On April 4, 2024, the parties filed a request seeking Court approval of their "Stipulation for Entry of a Protective Order re: Confidential Documents." (Doc. 27.) The Court has reviewed the proposed protective order and has determined that, in its current form, it cannot be granted. For the reasons set forth below, the Court DENIES *without prejudice* the parties' request to approve the stipulated protective order.

## II.   DISCUSSION

**A.   The Protective Order Does Not Comply with Local Rule 141.1(c)**

The proposed protective order does not comply with Rule 141.1 of the Local Rules of the United States District Court, Eastern District of California.[1] Pursuant to Rule 141.1(c), any proposed protective order submitted by the parties must contain the following provisions:

(1) A description of the types of information eligible for protection under the order, with the description provided in general terms sufficient to reveal the nature of the information (e.g., customer list, formula for soda, diary of a troubled child);

(2) A showing of particularized need for protection as to each category of information proposed to be covered by the order; and

---

[1] The stipulation cites "Local Rules 7-1 and 52-4.1" (*see* Doc. 27 at 1), but these are not Rules of this Court.

      (3)    A showing as to why the need for protection should be addressed by a court order, as opposed to a private agreement between or among the parties.

Local Rule 141.1(c).

The proposed protective order seeks to cover:

> information (regardless of the medium or how generated, stored, or maintained) or tangible things that qualify for protection under standards developed under Federal Rule of Civil Procedure 26(c) and/or applicable federal privileges.  This material includes, ***but is not limited to***, medical records, psychotherapeutic records, and autopsy photographs; as well as peace officer personnel records as defined by California Penal Code sections 832.8, 832.5, 832.7 and the associated case law; and other similar confidential records designated as such.

(Doc. 27 at 5, emphasis added.)

With its inclusion of the phrase "but is not limited to," the proposed protective order fails to comply with Local Rule 141.1(c)(1), which requires "[a] description of the types of information eligible for protection under the order, with the description provided in general terms sufficient to reveal the nature of the information."  Without any additional qualification to the phrase "but is not limited to" or the removal thereof, the proposed protective order does not sufficiently identify the types of information eligible for protection.

**B.**    **The Parties' Stipulated Protective Order is Denied <u>Without</u> Prejudice**

The parties may re-file a revised proposed stipulated confidentiality and protective order that complies with Local Rule 141.1(c) and corrects the deficiency set forth in this order.[2]

### III.   CONCLUSION AND ORDER

Based on the foregoing, IT IS HEREBY ORDERED that the "Stipulation for Entry of a Protective Order re: Confidential Documents." (Doc. 27) is DENIED without prejudice to renewing the request.

IT IS SO ORDERED.

Dated:   **April 5, 2024**                            /s/ *Sheila K. Oberto*
                                                                            UNITED STATES MAGISTRATE JUDGE

---

[2] Should the parties do so, they shall email an electronic copy of the proposed order to the Court's chambers as required by E.D. Cal. Local Rule 137(b).